BRIDGESTONE LAKES COMMUNITY IMPROVEMENT ASSOCIATION, INC., Appellant

v.

BRIDGESTONE LAKES DEVELOP- MENT COMPANY, INC., and Robert A. Hudson, Claudia J. Hudson and Tiffany A. Roath, Individually, Appellees

NO. 14–14–00604–CV

Court of Appeals of Texas, Houston (14th Dist.).

Majority and Concurring Opinions filed March 29, 2016

M. Susan Ingle Rice, Boerne, TX, Michele B. Chimene, Houston, TX, for appellant.

Joseph Alan Callier, Houston, TX, for appellee.

Panel consists of Chief Justice Frost and Justices Christopher and Donovan.

## MAJORITY OPINION

Tracy Christopher, Justice

This is an appeal from a final judgment rendered after two interlocutory summary judgments and one bench trial. We conclude that the trial court erred by entering

one of the summary judgments, and the error was harmful. We affirm the trial court's judgment in part, reverse it in part, and remand for additional proceedings consistent with this opinion.

## BACKGROUND

The Bridgestone Lakes Development Company (the "Developer") built a three-acre storm water detention pond to service a residential subdivision in the northern part of Harris County. According to the subdivision's homeowners association, the Bridgestone Lakes Community Improvement Association (the "HOA"), the Developer's construction of the pond varied in several respects from the plans that were approved by the local utility district. The HOA asserted that the variances led to increased rates of soil erosion, which in turn led to increased costs of maintaining the pond.

In 2008, the Developer entered into a Detention Pond Maintenance Agreement with the utility district and the HOA. In the agreement, the Developer acknowledged that the pond, as built, varied from the plans approved by the utility district. The parties stipulated that the increased cost of maintaining the pond as a result of the variances was "uncertain and difficult to ascertain." The Developer agreed to deposit $25,000 with the utility district to pay for the estimated cost of maintenance. In return, the utility district agreed that it would perform the maintenance. The HOA agreed that it would pay for all additional maintenance once the utility district exhausted the funds deposited by the Developer.

By 2012, the costs for maintaining the pond were expected to increase dramatically, with one estimate exceeding $125,000. In an effort to recover those increased costs, the HOA sued the Developer and three other individuals who for-

merly served on the HOA's board of directors. The individuals were Robert Hudson, Claudia Hudson, and Tiffany Roath (collectively, the "Directors").

Against the Directors, the HOA asserted claims for breach of fiduciary duty, failure to act in good faith, and fraud. The HOA alleged that the Directors breached their fiduciary duty and duty to act in good faith by not ensuring that the pond was constructed according to the approved plans. The HOA also alleged that the Directors breached these duties by entering into the maintenance agreement. The HOA claimed that the agreement was not negotiated at arm's length because, at the time of its execution, the Directors were also serving on the Developer's board of directors, whose interests were adverse to the HOA. In its fraud claim, the HOA alleged that the Directors failed to disclose to their successors on the HOA that there were variances in the pond and that, under the terms of the maintenance agreement, the HOA must bear the increased costs of maintaining the pond.

Against both the Developer and the Directors (collectively, the "Defendants"), the HOA asserted claims for negligence, gross negligence, and willful misconduct. Each of these claims was based on the Defendants' alleged failure to construct the pond in accordance with the plans approved by the utility district.

## THE TRADITIONAL SUMMARY JUDGMENT

Over the course of the litigation, the HOA expanded on its description of how the pond varied from the approved plans. At the time of its Second Amended Petition, the HOA focused on just two claimed variances. The first variance was the omission of a thirty-foot maintenance berm, which the plans allegedly called for. The second variance was the addition of a

sidewalk along the perimeter of the pond, which the plans allegedly did not call for. The HOA contended that these variances increased the rate of soil erosion around the pond, which consequently increased the costs of maintenance.

The Defendants filed a traditional motion for summary judgment when the HOA's live pleading was still its Second Amended Petition. In pertinent part, the Defendants argued that they did not owe a duty to build the berm because the utility district did not require it. They also argued that the increased costs of maintaining the pond were caused by damage from Hurricane Ike and an infestation of nutria, a rodent similar to beavers, and not the absence of the berm and presence of the sidewalk.

Before the hearing on the motion for summary judgment, the HOA filed a Third Amended Petition, in which it asserted two more variances in the construction of the pond. The HOA alleged that the Developer built the pond with variable 2:1 slopes in some areas and 3:1 slopes in others, when the plans allegedly called for a uniform 3:1 slope along all sides. The HOA also alleged that the Developer installed a fence around the pond when the plans allegedly did not call for it. The HOA contended that the fence affected the slopes, and the slopes contributed to the soil erosion.

■ The trial court granted the Defendants' motion for summary judgment and signed an interlocutory order dismissing all of the HOA's claims. In its first issue on appeal, the HOA argues that trial court reversibly erred because the summary judgment disposed of claims not addressed in the Defendants' motion. The HOA focuses on the claims in its Third Amended Petition, and specifically those which alleged that the Defendants constructed the pond with variable slopes.

■ We review summary judgments de novo. *See Exxon Corp. v. Emerald Oil & Gas Co.*, 331 S.W.3d 419, 422 (Tex.2010). A trial court properly grants a traditional summary judgment when the defendant conclusively negates at least one essential element of the plaintiff's cause of action. *See Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex.2014) (per curiam). The defendant must state in its motion the specific grounds upon which the summary judgment should be granted. *See* Tex. R. Civ. P. 166a(c). A trial court cannot grant a summary judgment on grounds that were not presented. *See FDIC v. Lenk*, 361 S.W.3d 602, 609 (Tex.2012).

When the Defendants filed their motion for summary judgment, the HOA's live pleading was its Second Amended Petition, and all of the causes of action in that pleading were based on just two claimed variances: the omission of the berm and the addition of the sidewalk. The arguments in the Defendants' motion for summary judgment were structured around these two factual allegations. The Defendants argued that they had no duty to build a berm. They also argued that all of the HOA's damages were attributable to causes other than the missing berm and the added sidewalk.

The HOA expanded on the claimed variances in its Third Amended Petition, specifically alleging that the Defendants constructed the pond with variable rather than uniform slopes. The HOA incorporated this factual allegation into all of its causes of action, but the Defendants never responded to that allegation by amending their motion for summary judgment. Instead, the Defendants addressed this allegation in a summary-judgment reply, contending that there was no "controverting summary judgment proof on the issue of duty" and no "controverting evidence that the side slope is not uniformly 3:1."

As the movants below, the Defendants had the initial burden to negate the issue of either duty or causation. *See Wal–Mart Stores, Inc. v. Merrell*, 313 S.W.3d 837, 840 (Tex.2010) (per curiam) (stating that an expert's testimony is speculative and conclusory if it does not "explain or adequately disprove alternative theories of causation"). They did neither with respect to the variable slopes. There was no argument in the Defendants' motion addressing whether they owed a duty to build a pond with uniform slopes, nor was there an argument addressing whether the HOA's damages were proximately caused by the presence of variable slopes. Accordingly, the burden never shifted to the HOA to present controverting evidence on these points.

By dismissing the HOA's claims based on the variable slopes, the trial court granted more relief than what the Defendants specifically requested. The summary judgment is therefore erroneous. *See* Tex. R. Civ. P. 166a(c); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex.1993) (plurality op.) ("[A] motion for summary judgment must itself expressly present the grounds upon which it is made.").

■ When a trial court grants a summary judgment on a claim not addressed in the summary-judgment motion, the trial court's error is generally reversible. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 200 (Tex.2001). However, the Texas Supreme Court has recognized a limited exception to this rule. In *G & H Towing Co. v. Magee*, the court held that the error is harmless "when the omitted cause of action is precluded as a matter of law by other grounds raised in the case." *See* 347 S.W.3d 293, 297–98 (Tex.2011) (per curiam) (citing Tex. R. App. P. 44.1(a)).

This court has similarly held that when the summary-judgment movant fails to amend its motion after the nonmovant amends its petition, the summary judgment can still be affirmed if (1) the amended petition essentially reiterates previously pleaded causes of action, (2) a ground asserted in the motion for summary judgment conclusively negates a common element of the newly and previously pleaded claims, or (3) the original motion is broad enough to encompass the newly asserted claims. *See Coterill–Jenkins v. Tex. Med. Ass'n Health Care Liability Claim Trust*, 383 S.W.3d 581, 592 (Tex.App.–Houston [14th Dist.] 2012, pet. denied); *Cont'l Cas. Co. v. Am. Safety Cas. Ins. Co.*, 365 S.W.3d 165, 173 (Tex.App.–Houston [14th Dist.] 2012, pet. denied). However, this court has also instructed that if "a plaintiff, in her amended petition, asserts a new cause of action based on facts not alleged in the original petition, a court cannot say the defendant's motion for summary judgment contemplated and embraced the additional claim in the amended petition." *See Espeche v. Ritzell*, 123 S.W.3d 657, 664 (Tex. App.–Houston [14th Dist.] 2003, pet. denied).

■ The *Magee* exception does not apply in this case. When the HOA filed its Third Amended Petition, the HOA did not reiterate a previously filed cause of action; rather, it asserted new causes of action based on facts and theories of causation that were not alleged in its earlier petitions. There was no ground asserted in the Defendants' motion for summary judgment that conclusively negated a common element in the new causes of action asserted in the Third Amended Petition. And, because the new causes of action were based on facts that were not contemplated by the Defendants' motion for summary judgment, the motion is not broad enough to encompass the new causes of action. Therefore, we hold that the trial court's error in dismissing those causes of action

is reversible. *See Coterill–Jenkins,* 383 S.W.3d at 592; *Cont'l Cas. Co.,* 365 S.W.3d at 173; *Espeche,* 123 S.W.3d at 664.

 We sustain the HOA's first issue.[1]

## THE MOTIONS FOR REHEARING

After the trial court's summary-judgment order, the HOA filed a motion for rehearing, asserting that it had been unable to present material evidence from Gene Conner, a former employee at the utility district. The HOA claimed that it had wished to attach to its summary-judgment response an affidavit from Conner, but it was precluded from doing so because the utility district blocked Conner from signing the affidavit. The HOA also argued that the summary judgment was improper because an affidavit attached to its response had raised a question of material fact.

The trial court denied the motion for rehearing.[2] The HOA then filed a second motion for rehearing. In this motion, the HOA reiterated its argument that the affidavit from its response had created a fact issue. The HOA also, for the first time, attached new evidence purporting to show additional fact issues. The evidence included excerpts from Conner's deposition, in which Conner testified how the variances in the pond have caused the HOA to incur increased maintenance costs. Conner also testified that in 2003 or 2004, several years before the maintenance agreement was negotiated, he discussed with one of the Directors several solutions for correcting or improving the pond. The evidence showed that none of the suggested solutions was ever implemented. The trial court again denied the HOA's motion.

In its second issue, the HOA argues that the trial court abused its discretion by denying its second motion for rehearing. The HOA contends that the trial court should have granted this motion because the HOA established that its claims were not "patently unmeritorious," and because, "once allowed discovery," the HOA was able to raise fact issues on the elements of duty and causation.

 We review a trial court's ruling on a motion for rehearing for an abuse of discretion. *See Macy v. Waste Mgmt., Inc.,* 294 S.W.3d 638, 651 (Tex.App.–Houston [1st Dist.] 2009, pet. denied). A trial court abuses its discretion when its decision is arbitrary or unreasonable, or when it acts without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985).

The HOA raised several points in its motion for rehearing. First, the HOA asserted that there were issues of material fact created by Conner's deposition testimony, which the HOA had just recently obtained. Second, the HOA asserted that the maintenance agreement, which was

---

1. The HOA did not appeal the dismissal of its claims that were based on the presence of the fence, an allegation that was also raised in its Third Amended Petition but not addressed in the Defendants' motion for summary judgment. Accordingly, that issue is waived. *See* Tex.R.App. P. 38. 1(i). Also, because the HOA did not bring a merits challenge to the Defendants' summary judgment, we do not consider whether the Defendants met their burden of establishing their entitlement to judgment as a matter of law on the grounds asserted in their motion, or whether the HOA raised a

genuine issue of material fact that precluded a summary judgment. *See Nall v. Plunkett,* 404 S.W.3d 552, 556 (Tex.2013) (per curiam) (concluding that the nonmovant waives a merits challenge to a summary judgment by only asserting a procedural issue in the court of appeals).

2. The order denying the motion is not in our record, but the denial is recorded in the trial court's docket sheet.

produced during Conner's deposition, also created issues of material fact. And third, the HOA asserted that facts issues were created by the affidavit that had been attached to the HOA's summary-judgment response.

■ *The Affidavit.* We begin with the HOA's third point, which focuses on affidavit testimony from Linda Wilkinson, who succeeded one of the Directors on the HOA's board of directors. In her affidavit, Wilkinson testified that the Directors never informed her about the variances in the pond.

■ The general rule is that, once a summary judgment has been granted, the trial court has no obligation to consider further motions on the issues adjudicated by the summary judgment. *See Macy,* 294 S.W.3d at 651. The trial court adjudicated the issues relating to Wilkinson's affidavit when the court rejected the HOA's summary-judgment response and granted the Defendants' summary-judgment motion. The HOA presented no new arguments with respect to Wilkinson's affidavit in its motion for rehearing. Thus, the trial court did not abuse its discretion by denying the HOA's motion on the basis of Wilkinson's affidavit. *See Se. Tex. Envtl., L.L.C. v. Wells Fargo Bank, N.A.,* No. 01–10–00076–CV, 2011 WL 3556966, at *2 (Tex.App.–Houston [1st Dist.] Aug. 11, 2011, no pet.) (mem.op.) ("When a trial court denies a motion for rehearing, or reconsideration, it does not abuse its discretion if the party seeking rehearing cites no additional evidence beyond that available to him when the first summary judgment was granted." (internal quotations omitted)).

■ *The Newly-Discovered Evidence.* The HOA's other points refer to Conner's deposition testimony and a copy of the maintenance agreement, new evidence presented for the first time in the motion for rehearing. Even if we were to determine that this new evidence created a fact issue that was sufficient to preclude a summary judgment, the HOA did not establish why it was unable to produce this evidence in its summary-judgment response.

■ "Generally, a party may not rely on new evidence in a motion for [rehearing] without showing that the evidence was newly discovered and could not have been discovered through due diligence prior to the ruling on a summary judgment motion." *McMahan v. Greenwood,* 108 S.W.3d 467, 500 (Tex.App.–Houston [14th Dist.] 2003, pet. denied); *see also Waffle House, Inc. v. Williams,* 313 S.W.3d 796, 813 (Tex.2010) (addressing the standard for a motion for new trial based on newly-discovered evidence). In its motion for rehearing, the HOA asserted that it obtained Conner's testimony and a copy of the maintenance agreement during a deposition conducted three months after the trial court granted the Defendants' motion for summary judgment. The HOA never explained why Conner's deposition was taken so late, nor did the HOA assert that it had been unable to depose Conner at an earlier time.

In a supplement to the second motion for rehearing, the HOA attempted to make a due-diligence argument by claiming that it had tried to attach an affidavit from Conner to its summary-judgment response, but it was unable to do so because of interference from Conner's employer. In a later reply motion, the HOA produced an affidavit from Jamil Thomas, one of its attorneys, and Thomas explained the circumstances surrounding the HOA's failure to obtain the affidavit. All of these points are immaterial though. The HOA moved for rehearing on the basis of Conner's deposition, not his affidavit. Indeed, the

record does not show that Conner ever signed an affidavit.[3]

When the HOA moved for rehearing, it never argued that it had been unable to depose Conner before the trial court had rendered its summary judgment. Because the trial court could have concluded that the HOA had not exercised due diligence in its discovery of the new evidence, we conclude that the trial court did not abuse its discretion when it denied the motion for rehearing.

We overrule the HOA's second issue.

## THE FOURTH AMENDED PETITION AND NO-EVIDENCE SUMMARY JUDGMENT

After the trial court denied rehearing, the HOA filed a Fourth Amended Petition, which consisted essentially of two parts. In the first part, the HOA reasserted all of its previous claims that the trial court had dismissed. Those claims, as we have already discussed, were based on the Defendants' alleged failure to construct the pond in accordance with the plans approved by the utility district.

In the second part, the HOA alleged the same causes of action as in the first part, plus an additional claim for negligent misrepresentation. The HOA emphasized that these new claims were based on an entirely different set of facts: the Defendants' alleged failure to construct the pond in accordance with the plans "submitted to the City and County in 2001 and resubmitted in 2008." The HOA did not explain

how or whether these plans differed from those approved by the utility district.[4] In many respects, the HOA's allegations remained the same: the HOA specifically complained about the variable slopes and the addition of the sidewalk and fence. The HOA made no mention, however, about the omission of the berm.

The Defendants moved to dismiss the HOA's new claims by a no-evidence summary judgment. Because the trial court had already disposed of half of the HOA's claims on traditional summary-judgment grounds, the Defendants expressly limited their no-evidence points to the claims raised in the second part of the HOA's Fourth Amended Petition.

With respect to the HOA's claim for breach of fiduciary duty, the Defendants asserted that there was no evidence of causation, of an injury to the HOA, or of a benefit to the Defendants. For the claim that the Defendants breached their duty to act in good faith, the Defendants asserted that there was no evidence of an agreement executed in good faith, of privity between the parties, or of injury. For the HOA's fraud claim, the Defendants asserted that there was no evidence of reliance or causation. And for the remaining claims of negligence, gross negligence, willful misconduct, and negligent misrepresentation, the Defendants asserted that there was no evidence of causation.

The Defendants also asserted the doctrine of collateral estoppel, even though

---

**3.** The HOA claimed that it attached the unsigned affidavit to its first motion for rehearing, but a copy of that unsigned affidavit has not been included in our record. Thus, we do not know what the unsigned affidavit said, or whether Conner's affidavit testimony would have differed from his deposition testimony.

**4.** The Defendants seemed to believe that the plans were identical. They filed a Rule 91a

motion to dismiss and a motion for sanctions, arguing that new claims were wholly without merit. In response, the HOA argued that the claims were viable because they "pertain to alternative theories of recovery." The HOA did not attach a copy of the plans to show that they were different, but the trial court denied the Defendants' Rule 91a motion, allowing the new claims to proceed.

that would be a ground for a traditional motion for summary judgment. The Defendants argued that, under this doctrine, the HOA should be precluded from relitigating those issues previously decided by the trial court's summary judgment.

The HOA filed a response, in which it attached evidence and objected to the Defendants' assertion of collateral estoppel. However, the trial court granted the Defendants' motion.

In its third issue, the HOA argues that the trial court's no-evidence summary judgment was harmful error. The HOA divides this issue into two sub-issues, addressing the Defendants' collateral-estoppel theory first, and their no-evidence points second. We address these sub-issues in the same manner.

■ *Collateral Estoppel.* In its response, the HOA objected to the Defendants' assertion of collateral estoppel because it was an unpleaded affirmative defense. Addressing the merits of this defense, the HOA also argued that collateral estoppel could not apply because the summary judgment was not final.

■ The law is well-established that "a party may never properly move for no-evidence summary judgment to prevail on its own claim or an affirmative defense for which it bears the burden of proof." *Nowak v. DAS Inv. Corp.*, 110 S.W.3d 677, 679 (Tex.App.–Houston [14th Dist.] 2003, no pet.). Because collateral estoppel is an affirmative defense, the Defendants had the burden of proving its applicability, and they were required to do so on traditional grounds. *See Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 802 (Tex.1994).

■ Even if the trial court construed the Defendants' no-evidence motion as a traditional motion for the limited purpose of addressing their collateral-estoppel defense, the HOA correctly argued two reasons for avoiding a summary judgment. First, the Defendants did not assert collateral estoppel in their pleadings, and summary judgment cannot be granted on an unpleaded affirmative defense when the nonmovant objects, as the HOA did here. *See Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 494 (Tex.1991). Second, collateral estoppel cannot apply unless there is a final judgment, and the summary-judgment order that the Defendants were citing as the basis for their collateral-estoppel defense was interlocutory, not final. *See John G. & Marie Stella Kenedy Mem'l Found. v. Dewhurst*, 90 S.W.3d 268, 288 (Tex.2002); *Tanox, Inc. v. Akin, Gump, Strauss, Hauer & Feld, L.L.P.*, 105 S.W.3d 244, 269 (Tex.App.–Houston [14th Dist.] 2003, pet. denied).

We conclude that the Defendants were not entitled to summary judgment on their collateral-estoppel defense. However, that conclusion does not answer whether the trial court properly dismissed the HOA's claims on the Defendants' no-evidence points. For that question, we now turn to the HOA's second sub-issue.

*The No–Evidence Points.* When a party moves for a no-evidence summary judgment, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact as to each element contested in the motion. *See* Tex. R. Civ. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex.2009). We review the evidence produced by the nonmovant in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex.2006). We will sustain a no-evidence summary judgment when (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law

or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of the fact. *See City of Keller v. Wilson,* 168 S.W.3d 802, 816 (Tex.2005).

 The Defendants' no-evidence motion was limited in scope to just the second part of the HOA's Fourth Amended Petition. That part of the petition contained a total of seven different claims. Although the trial court dismissed all seven of those claims when it granted the no-evidence summary judgment, the HOA has focused this appeal on just two of the claims: gross negligence and willful misconduct. As to each claim, the HOA argues that it presented evidence of both duty and causation. Because duty was not challenged in the Defendants' no-evidence motion, we only consider the element of causation.

The HOA refers us to just a single point in its brief, the evidence showing that the estimated costs of repairing the pond will exceed $125,000. The HOA argues that this constitutes evidence of causation because the Defendants foresaw these costs in 2008, and by executing the maintenance agreement, the Defendants limited their liability to just $25,000, leaving the HOA to cover the rest.

The HOA's argument lacks merit. The estimate cited by the HOA was prepared in 2011 by Storm Water Solutions, an engineering firm. The estimate is not evidence that, in 2008, the Defendants had knowledge or could foresee that the HOA would suffer increased costs of maintenance some three years later. The maintenance agreement actually refutes any notion that the Defendants could foresee

such an increase in costs. Storm Water Solutions consulted with the parties in 2008 as they were negotiating the maintenance agreement, and the firm estimated that $25,000 would cover the expected cost of repairs. All parties to the maintenance agreement expressly agreed that this estimate was "reasonable" and that Storm Water Solutions was "a reputable, reliable and impartial third party." The HOA has not shown that the Defendants knew or could foresee that the $25,000 estimate was unreasonable.

The HOA has not cited to any other purported evidence of causation. Accordingly, we overrule this issue.[5]

## THE BENCH TRIAL ON INDEMNITY

The Directors asserted a counterclaim, which was based on an HOA bylaw providing that the HOA must indemnify a director for all costs and expenses incurred in a legal matter, unless the director is found liable for gross negligence or willful misconduct in the performance of a duty. The counterclaim was tried to the bench. After an evidentiary hearing and several post-trial motions, the trial court found that the Directors were entitled to $94,990.73, which represented their share of the Defendants' reasonable and necessary attorney's fees.

In its fourth and final issue on appeal, the HOA argues that the Directors' indemnity award is excessive. The HOA offers several reasons in support of this argument, but we need not address any of them. By sustaining the HOA's first issue, we have determined that the HOA has affirmative claims of relief that remain to

5. We do not address the other causes of action challenged in the Defendants' no-evidence motion, nor do we consider the other evidence attached to the HOA's summary-judgment response, because the HOA has not briefed these points on appeal. *See* Tex. R. App. P. 38.1(i).

be adjudicated, and those claims may affect the Directors' counterclaim.

## CONCLUSION

We **REVERSE** the portion of the trial court's order of December 21, 2012, dismissing the HOA's claims that

(a) by failing to build a pond with a uniform 3:1 slope as per the plans that were approved by the utility district, the Defendants

 (i) breached their fiduciary duties,

 (ii) failed to act in good faith,

 (iii) were negligent,

 (iv) were grossly negligent, and

 (v) committed an act of willful misconduct; and

(b) the Directors committed fraud by causing their successors on the HOA's board of directors to ratify their decisions without first disclosing the material information that

 (i) the pond was not built with a uniform 3:1 slope as per the plans that were approved by the utility district, and

 (ii) the Directors approved the maintenance agreement despite their awareness of this variance.

We **AFFIRM** the remainder of the trial court's order of December 21, 2012, dismissing the HOA's claims as requested in the Defendants' traditional motion for summary judgment.

We **AFFIRM** the trial court's order of April 23, 2013, denying the HOA's second motion for rehearing.

We **AFFIRM** the trial court's order of March 7, 2014, granting the Defendants' no-evidence motion for summary judgment as to all claims involving variances from the plans submitted to the City and the County in 2001 and resubmitted in 2008.

In light of the foregoing, we **REVERSE** the trial court's Modified Final Judgment of July 21, 2014, including the award for indemnity, and **REMAND** the case to the trial court for additional proceedings consistent with this opinion.

(Frost, C.J., concurring).

Frost, C.J., concurring

In 1993, the Supreme Court of Texas held that an appellate court may not affirm a summary judgment on a ground not expressly stated in the summary-judgment motion. If a summary-judgment ground is broad enough to encompass a claim pleaded after the motion was filed, an appellate court may affirm a summary judgment based on this ground without violating this rule. In 2011, the Supreme Court of Texas created three exceptions to its 1993 holding, so in cases that fall within one of these exceptions, appellate courts now may affirm a summary judgment on a ground not expressly stated in the motion.

In today's case, the plaintiff pleaded the new claims addressed under the first appellate issue after the defendants filed their first summary-judgment motion. None of the grounds in that motion are broad enough to encompass the new claims, nor does this case fall within one of the exceptions to the general rule that an appellate court may not affirm a summary judgment on a ground not expressly stated in the summary-judgment motion. For this reason, it is right to sustain the first issue.

### The *Stiles* Rule

Before the 1978 amendments to Texas Rule of Evidence 166a(c), the Supreme Court of Texas held that an appellate court could affirm a summary judgment on grounds not stated in the summary-judgment motion granted by the trial court. *See Stiles v. Resolution Trust Corp.,* 867

S.W.2d 24, 26 (Tex.1993). When the high court decided those cases, Rule 166a(c) did not expressly limit the trial court to consideration of the issues raised by the parties. *Id.* Based on language added to Rule 166a(c) in the 1971 and 1978 amendments to the rule, the *Stiles* court held that an appellate court may not affirm a summary judgment on a ground not expressly stated in the summary-judgment motion. *Id.*; *Horizon Offshore Contractors, Inc. v. Aon Risk Servs. of Texas, Inc.*, 283 S.W.3d 53, 66 (Tex.App.–Houston [14th Dist.] 2009, pet. denied). The *Stiles* court did not identify any exceptions to this rule. *See Stiles*, 867 S.W.2d at 26.

This court has concluded that if a ground stated in a summary-judgment motion is broad enough to encompass a claim pleaded after the motion was filed, an appellate court may affirm a summary judgment based on this ground without violating the *Stiles* rule. *See Lively v. Henderson*, No. 14–05–01229–CV, 2007 WL 3342031, at *5 (Tex.App.–Houston [14th Dist.] Nov. 13, 2007, pet. denied) (mem.op.). This analysis does not involve an exception to the *Stiles* rule because the appellate court affirms the summary judgment based on a ground expressly stated in the summary-judgment motion. *See id.*

### The *Magee* Exceptions to the *Stiles* Rule

In *G & H Towing Company v. Magee*, the plaintiffs asserted that G & H Towing was vicariously liable for vehicle owner's alleged negligent entrustment of a vehicle to the driver ("Vicarious Liability Claim"). 347 S.W.3d 293, 295 (Tex.2011) (per curiam). G & H Towing moved for summary judgment, challenging certain of the plaintiffs' claims, but no ground stated in the summary-judgment motion was broad enough to encompass the plaintiffs' claims based on vicarious liability for the vehicle owner's alleged negligent entrustment. *See id.* at 295–96. The trial court granted summary judgment as to all of the plaintiffs' claims against G & H Towing. *See id.* The vehicle owner moved for summary judgment as to the claims against him, including the negligent-entrustment claim. *See id.* The trial court granted summary judgment as to all of the plaintiffs' claims against G & H Towing. *See id.*

The trial court severed its summary-judgment orders in favor of G & H Towing and for the vehicle owner into two separate cases to make them final, and the plaintiffs appealed each summary judgment. *See id.* The court of appeals concluded that the trial court properly granted summary judgment in favor of the vehicle owner, but held the trial court reversibly erred in granting G & H Towing's motion as to the Vicarious Liability Claim because no ground in G & H Towing's motion encompassed this claim. *See id.* The Supreme Court of Texas concluded that although a trial court errs in granting summary judgment on a claim not addressed by any summary-judgment ground, this error is harmless when the unaddressed claim "is precluded as a matter of law by other grounds raised in the case." *Id.* at 298. The *Magee* court held that the trial court erred in granting summary judgment as to the Vicarious Liability Claim but that this error was harmless because "[t]he undisputed facts and [the vehicle owner's] final judgment establish that [the vehicle owner] did not negligently entrust his vehicle" and that "G & H therefore cannot have vicarious liability for negligent entrustment because its agent did not commit the tort." *Id.* at 298.

The *Magee* court created an exception to the *Sides* rule in situations in which the unaddressed claim "is precluded as a mat-

ter of law by other grounds raised in the case." *Id.* at 298; *Continental Cas. Co. v. Am. Safety Cas. Ins. Co.*, 365 S.W.3d 165, 173 (Tex.App.–Houston [14th Dist.] 2012, pet. denied) (reciting this exception from *Magee* ). To fall within this exception the other ground need not be raised by the movant in whose favor summary judgment was granted. *See Magee*, 347 S.W.3d at 297–98.

Our court has determined that the *Magee* court also articulated two other exceptions to the *Stiles* rule, apparently by judicial dictum. *See Continental Cas. Co.*, 365 S.W.3d at 173. According to our precedent, these exceptions apply: "(1) when the movant has conclusively proved or disproved a matter that would also preclude the unaddressed claim as a matter of law and (2) when the unaddressed claim is derivative of the addressed claim and the movant proved its entitlement to summary judgment on the addressed claim." *Id.*

### Application of the *Stiles* Rule and the *Magee* Exceptions to Today's Case

After the defendants filed their first summary-judgment motion, the Bridgestone Lakes Community Improvement Association (the "Association") filed its Third Amended Petition, in which it added claims based on variations in the slope of the water detention pond, allegedly in violation of a requirement in the plans of a uniform 3:1 slope along all sides (collectively the "Variable Slope Claims"). None of the grounds in that motion are broad enough to encompass the Variable Slope Claims; therefore, the trial court reversibly erred in granting summary judgment as to these claims unless one of the *Magee* exceptions applies. *See Magee*, 347 S.W.3d at 297–98; *Stiles*, 867 S.W.2d at 26; *Continental Cas. Co.*, 365 S.W.3d at 173; *Lively*, 2007 WL 3342031, at *5.

The trial court did not grant summary judgment as to other claims whose dismissal would bar recovery by the Association under the Variable Slope Claims. The record does not reflect that the Variable Slope Claims are claims "precluded as a matter of law by other grounds raised in the case." *Magee*, 347 S.W.3d at 298. The defendants have not conclusively proved or disproved a matter that also would preclude the Variable Slope Claims as a matter of law. And, the Variable Slope Claims are not derivative of the claims addressed in the defendants' motions. Because this case does not fall within any of the *Magee* exceptions to the *Stiles* rule, the court is correct to sustain the first issue. *See Magee*, 347 S.W.3d at 297–98; *Stiles*, 867 S.W.2d at 26; *Continental Cas. Co.*, 365 S.W.3d at 173; *Lively*, 2007 WL 3342031, at *5.

In concluding that the trial court reversibly erred in granting summary judgment on the Variable Slope Claims, the majority relies upon the following statement from this court's opinion in *Espeche v. Ritzell* : "when a plaintiff, in her amended petition, asserts a new cause of action based on facts not alleged in the original petition, a court cannot say the defendant's motion for summary judgment contemplated and embraced the additional claim in the amended petition." 123 S.W.3d 657, 664 (Tex.App.–Houston [14th Dist.] 2003, pet. denied). This statement was not necessary to the *Espeche* court's conclusion that the summary-judgment motion was not sufficiently broad to encompass the later-filed bill of review. *See id.* at 664–65. This court has cited this part of the *Espeche* opinion for the rule that, if a ground stated in a summary-judgment motion is broad enough to encompass a claim pleaded after the motion was filed, an appellate court may affirm a summary judgment based on this ground without violating the *Stiles*

rule. *See Methodist Hosp. v. Zurich Am. Ins. Co.,* 329 S.W.3d 510, 515 n. 4 (Tex. App.–Houston [14th Dist.] 2009, pet. denied); *Lively,* 2007 WL 3342031, at. *5. Though the majority concludes that the first *Magee* exception does not apply to today's case, the majority does not address the second or the third *Magee* exceptions. *See ante* 6–7. For these reasons, I concur in the court's judgment, but I respectfully decline to join the majority opinion.