**Affirmed and Memorandum Opinion filed September 29, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00194-CV

---

### DANIEL T. BRASHEAR, Appellant

### V.

### JOY A. DORAI, Appellee

---

**On Appeal from the Probate Court No. 1**
**Harris County, Texas**
**Trial Court Cause No. 466138**

---

### MEMORANDUM OPINION

Appellant Daniel T. Brashear appeals from the summary judgment order disqualifying him from serving as the executor of decedent Anne Moreland's estate. Brashear, who is pro se, makes numerous arguments interspersed throughout his appellate briefing making it difficult to discern his exact issues on appeal. However, liberally construing his opening brief, we conclude that

Brashear has raised the following issues on appeal.[1]  In his first issue Brashear argues that the trial court erred when it considered and then granted appellee Joy A. Dorai's motion for summary judgment because Joy did not have standing to challenge his qualifications to serve as the executor of Moreland's estate.[2]  Brashear argues in his related second issue that the trial court violated his due process rights because it refused to consider his motion arguing that Joy did not have standing and refused to admit his evidence addressed to Joy's standing. Finally, in his third issue, Brashear asserts that the trial court abused its discretion when it denied his "motion for hearing denovo [sic]."  Because we conclude that Joy had standing to challenge Brashear's appointment as executor, the record establishes that the trial court considered Brashear's arguments, court filings, and evidence prior to ruling, and the trial court did not abuse its discretion when it denied his motion to reconsider its summary judgment ruling, we overrule Brashear's issues and affirm the trial court's order disqualifying him from serving as the executor of Moreland's estate.

## BACKGROUND

Moreland died on March 11, 2018 in Harris County, Texas.  About a month later, Brashear, a resident of Maryland who is not related to Moreland, filed an application to probate a purported will Moreland allegedly signed on August 15,

---

[1] Brashear is limited to the issues raised in his opening brief because "the Texas Rules of Appellate Procedure do not allow him to add a new issue in his reply brief that was not discussed in his original brief." *Marsh v. Livingston*, No. 14-09-00011-CV, 2010 WL 1609215, *4 (Tex. App.—Houston [14th Dist.] April 22, 2010, pet. denied) (mem. op.).  This rule applies even when an appellant appears pro se. *See Canton-Carter v. Baylor Coll. Of Med.*, 271 S.W.3d 928, 930 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (stating that pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable laws and rules of procedure).

[2] Because there are two persons mentioned in this opinion with the last name of Dorai, we refer to appellee Joy A. Dorai by her first name.

2015. Brashear asked the probate court to appoint him the independent executor of Moreland's estate.

On August 6, 2018, Suri Dorai, Moreland's former husband, filed a "Motion to dismiss the Will & Testament & also investigate the person(s) involved in the creation of this false Will & Testament for Anne Moreland." Among other allegations, Suri Dorai alleged that Brashear was a convicted felon. He also asserted that the signature on the purported will did not match Moreland's signature. Suri Dorai further asserted that Moreland "was losing her mind," and that she "suffered from serious mental issues and wasn't organized."[3] Suri Dorai believed the purported will was fraudulent and he asked the probate court to "dismiss the Will & Testament and investigate the parties in question for perpetrating the fraud."

A few months later Joy, Moreland's biological daughter,[4] filed a "Will Contest and Objections to Probate and Objection to Applicant's Request for Appointment." Joy alleged that in 2015 Moreland "was suffering from mental health issues and was highly susceptible to outside influence." Of concern here, Joy alleged that Brashear was disqualified from serving as the independent executor of Moreland's estate because he was a convicted felon and also that he was otherwise unsuitable to serve as an independent executor. Joy eventually filed a motion for partial summary judgment on those issues. In response, Brashear filed a "Motion to Strike Filing for Cause," arguing that Joy did not have standing to contest Moreland's purported will nor to file any objections in the probate

___

[3] Other documents filed in the probate proceeding initiated by Brashear indicate that Moreland resided for some period of time in Maryland. They also indicate that, while living in Maryland, Moreland owned property but "lived out of a van" and washed "herself from a bucket."

[4] Brashear does not dispute that Joy is Moreland's daughter.

proceeding. While Brashear did attach evidence to his response, he did not dispute that he was a convicted felon. In fact, Brashear admitted in open court during the hearing on Joy's motion for partial summary judgment that he had been convicted of first-degree murder. The trial court granted Joy's motion for partial summary judgment and signed an order disqualifying Brashear from serving as the independent executor of Moreland's estate because he was a convicted felon and also because "he is highly unsuitable." Brashear filed this appeal challenging that order. *See Eastland v. Eastland*, 273 S.W.3d 815, 819 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("A probate court order determining who may serve as an independent executor is appealable because it finally adjudicates a substantial right.") (internal quotation marks omitted).

## ANALYSIS

**I. Joy has standing to object to Brashear's appointment as executor of Moreland's estate.**

We begin by pointing out that the merits of Joy's will contest are not before us. Instead, the only matter before us relates to the trial court granting Joy's motion for partial summary judgment and thereby disqualifying Brashear from serving as executor of Moreland's estate.

Brashear argues that the trial court erred when it granted Joy's motion because Joy did not have standing to challenge his qualifications to serve as the executor of Moreland's estate. Brashear bases his argument on his belief that Joy does not have standing to contest the probate of Moreland's purported will even though she is Moreland's biological daughter, because the purported will disinherits Joy. In a related issue, Brashear argues that the trial court violated his due process rights because it refused to consider his motion challenging Joy's standing to object to his appointment as executor and also refused to admit his

evidence addressed to Joy's standing. We address these issues together.

## A. Standard of review and applicable law

Standing, a component of subject-matter jurisdiction, is a constitutional prerequisite to maintaining suit under Texas law. *Tex. Ass'n. of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444–45 (Tex. 1993); *Sherman v. Boston*, 486 S.W.3d 88, 94 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). In statutory standing cases, we analyze the construction of the relevant statute to determine upon whom the Texas legislature conferred standing and whether the person in question falls within that group. *See Tex. Dep't of Protective and Regulatory Servs. v. Sherry*, 46 S.W.3d 857, 859–61 (Tex. 2001). Standing cannot be waived and can be raised for the first time on appeal. *Tex. Ass'n. of Bus.*, 852 S.W.2d at 444–45. Whether a party has standing to bring a claim is a question of law reviewed de novo. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

We review a trial court's order granting a traditional summary judgment de novo. *Mid-Century Ins. Co. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007). In reviewing a grant of summary judgment, we consider all of the evidence in the light most favorable to the nonmovant. *Ron v. AirTran Airways, Inc.*, 397 S.W.3d 785, 788 (Tex. App.—Houston [14th Dist.] 2013, no pet.). When a party with the burden of proof moves for summary judgment on its claim, it must conclusively prove all essential elements of its claim as a matter of law. *Cullins v. Foster*, 171 S.W.3d 521, 530 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). Evidence is considered conclusive if reasonable people could not differ in their conclusions. *Dias v. Goodman Mfg. Co., L.P.*, 214 S.W.3d 672, 676 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). In the present case, the relevant evidence is undisputed.

The Estates Code provides that "a person interested in an estate may, at any

time before the court decides an issue in a proceeding, file written opposition regarding the issue." *See* Tex. Estates Code § 55.001. An interested person is an "heir, devisee, spouse, creditor, or any other having a property right in or claim against an estate being administered." Tex. Est. Code § 22.018(1). The person's "interest" must be a pecuniary interest in the estate that will be affected by the outcome of the proceeding. *Ferreira v. Butler*, 575 S.W.3d 331, 334–35 (Tex. 2019); *see Logan v. Thomason*, 202 S.W.2d 212, 215 (Tex. 1947) ("[T]he burden is on every person contesting a will, and on every person offering one for probate, to allege, and, if required, to prove, that he has some legally ascertained pecuniary interest, real or prospective, absolute or contingent, which will be impaired or benefited, or in some manner materially affected, by the probate of the will."); *In re Estate of Adams*, No. 14-12-00064-CV, 2013 WL 84925, at *3 (Tex. App.— Houston [14th Dist.] Jan. 8, 2013, no pet.) (mem. op.) ("The burden is on every person contesting a will to allege and, if required, to prove that she has some legally ascertainable pecuniary interest, real or prospective, absolute or contingent, that will be impaired or benefited, or in some manner materially affected, by the probate or defeat of the will."). "In the absence of such an interest, a contestant is a mere meddlesome intruder, and it is not the policy of the State of Texas to permit those who have no interest in a decedent's estate to intermeddle therein." *Estate of Adams*, 2013 WL 84925, at *3.

**B.    Joy established that she has standing.**

In the present case, Brashear sought to probate a purported will of Moreland. Joy in turn filed a will contest alleging that the purported will was invalid. It is undisputed that Joy is Moreland's biological daughter. It is also undisputed that Moreland had one other biological child. It is also undisputed that, at the time of her death, Moreland did not have a spouse. If the trial court sustains Joy's

challenge to the purported will, Moreland would then have died intestate and her estate would pass to her heirs, her two children. *See* Tex. Estates Code §§ 22.015 (stating that an heir is a person who is statutorily entitled to a part of an intestate decedent's estate); 201.001 (providing that if a person dies intestate without leaving a spouse, that person's estate passes to the decedent's children). We conclude therefore that Joy qualifies as a person interested in Moreland's estate and has standing to object to Brashear serving as executor of Moreland's estate. *See id.* at §§ 22.018(1) (defining "interested person" or "person interested" as including heirs); 55.001 (authorizing "a person interested in an estate" to file a "written opposition" in probate proceedings); *Jones v. LaFargue*, 758 S.W.2d 320, 323 (Tex. App.—Houston [14th Dist.] 1988, writ denied) (concluding that nieces and nephews of decedent were persons interested in estate and had standing to file will contest because they would be heirs if will determined to be invalid).

To the extent Brashear argues that because the purported will disinherits Joy, Joy does not have standing, we disagree. Here, the inquiry is not whether Joy has an interest in the purported will. The inquiry is instead focused on whether Joy has an interest in the decedent's estate. *Evans v. Allen*, 358 S.W.3d 358, 364 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *see In re Estate of Holley*, No. 11-15-00173-CV, 2017 WL 549009, at *4 (Tex. App.—Eastland Feb. 10, 2017, pet. denied) (mem. op.) (stating that "whether one is indeed entitled to a share of the estate depends upon the validity of the wills in question, which is a matter to be decided by trial on the merits of the will contest."). Because Joy would be one of Moreland's heirs if the will contest is successful, she has standing regardless of the content of the purported will. *See Evans*, 358 S.W.3d at 364 ("In a contest of a will already admitted to probate in which the contestant claims that an earlier will is the last valid will, a beneficiary under the prior will qualifies as a person

interested in the estate and thus has standing to maintain the will contest."); *Jones*, 758 S.W.2d at 323 (concluding that nieces and nephews were potential heirs, were interested in estate, and had standing to file will contest). Further, there is no requirement that, as Brashear argues, Joy must first be declared Moreland's heir by a court hearing an heirship proceeding before she has standing to file a will contest. Instead, as stated above, Joy's standing to file a will contest is determined by whether she has a justiciable interest in the litigation. *Estate of Holley*, 2017 WL 549009 at *4; see *Logan*, 202 S.W.2d at 215 ("The burden is on every person contesting a will, and on every person offering one for probate, to allege, and, if required, to prove, that he has some legally ascertained pecuniary interest, real or prospective, absolute or contingent, which will be impaired or benefited, or in some manner materially affected, by the probate of the will."); *Estate of Adams*, 2013 WL 84925, at *3 ("The burden is on every person contesting a will to allege and, if required, to prove that she has some legally ascertainable pecuniary interest, real or prospective, absolute or contingent, that will be impaired or benefited, or in some manner materially affected, by the probate or defeat of the will.").

## C. The trial court did not violate Brashear's due process rights.

Next Brashear argues that the trial court violated his due process rights when it refused to consider his motion challenging Joy's standing and refused to admit his evidence addressed to Joy's standing. "Due process requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *In re G.X.H.*, 584 S.W.3d 543, 553 (Tex. App.—Houston [14th Dist.] 2019, pet. filed). We conclude that no violation of Brashear's due process rights occurred here. First, the record includes Brashear's pleadings and attached exhibits challenging Joy's standing. Second, the record also includes the reporter's record of the hearing on Joy's motion for partial summary seeking to disqualify Brashear from

8

serving as the executor of Moreland's estate. Brashear attended and participated in that hearing. During the hearing, Brashear was able to argue his position. Brashear specifically argued to the trial court:

> In the Court's discretion, Your Honor. If the Court is listening to the evidence, I'm the only one that's been working on Mrs. Moreland's case. Right now you have a motion pending in front a [sic] emergency cease and desist order that he mentioned. At that time that was filed Mrs. Dorai is not even a party to this case because she hasn't gone through the heirship proceeding. If she is not declared as an heir, she doesn't have the authority to take and file a motion like this because she does not have standing under the Texas law. She has no pecuniary interest in this case if she is not declared an heir.

The trial court responded that he would "look at it all." Finally, the trial court's order granting Joy's motion for partial summary judgment states that "[a]fter consideration of the summary judgment evidence, including affidavits, discovery, documentary evidence and Non-Movant's pleadings, and the arguments of counsel, this Court finds that Contestant's motion is due to be GRANTED and SUSTAINS her objections and makes the following findings . . . ." Because the trial court considered Brashear's pleadings and evidence, and Brashear participated in the hearing, we hold Brashear's due process rights were not violated.

To the extent Brashear complains that the trial court violated his due process rights because it did not expressly rule on his challenge to Joy's standing, we conclude any error is harmless because the question of standing and subject matter jurisdiction cannot be presumed and cannot be waived. *See Continental Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 448, n.2 (Tex. 1996). Additionally, standing can be raised for the first time on appeal and the standard of review is de novo. *Mayhew*, 964 S.W.2d at 928; *Tex. Ass'n. of Bus.*, 852 S.W.2d at 444–45. Brashear has been able to raise the issue of Joy's standing in this court and we

9

have determined that Joy established her standing to object to his appointment as executor of Moreland's estate. We overrule Brashear's consolidated first and second issues.

## II. The trial court did not abuse its discretion when it denied Brashear's motion to reconsider the granting of Joy's motion for partial summary judgment.

In his final issue on appeal Brashear argues that the trial court abused its discretion when it denied his motion to reconsider its order granting Joy's motion for partial summary judgment.[5] We disagree.

Once a trial court grants a summary judgment motion, it generally has no obligation to consider further motions on the issues adjudicated by the summary judgment order. *Bridgestone Lakes Cmty. Improvement Assoc., Inc. v. Bridgestone Lakes Dev. Co., Inc.*, 489 S.W.3d 118, 125 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). The standard of review for a motion to reconsider a prior summary judgment is whether the trial court abused its discretion. *Id.* A trial court abuses its discretion when its decision is arbitrary or unreasonable, or when it acts without reference to any guiding rules or principles. *Id.* An abuse of discretion will not be found if the movant cites no additional evidence beyond the evidence available to him when the first summary judgment was granted. *Macy v. Waste Mgmt., Inc.*, 294 S.W.3d 638, 651 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).

Here, Brashear repeated the same arguments he had made in his initial opposition to Joy's motion for partial summary judgment. In addition, Brashear did not attach any evidence to his motion to reconsider. In that situation, we

---

[5] Brashear titled his motion "Motion for Hearing Denovo [sic]."

cannot say that the trial court abused its discretion when it denied Brashear's motion for rehearing. *Bridgestone Lakes Cmty. Improvement Assoc., Inc.*, 489 S.W.3d at 125. We overrule Brashear's third issue on appeal.

## CONCLUSION

Having overruled Brashear's issues on appeal, we affirm the trial court's summary judgment order disqualifying Brashear from serving as the executor of Morehead's estate.

/s/  Jerry Zimmerer
    Justice

Panel consists of Justices Christopher, Wise, and Zimmerer.