Eduardo LERMA, Appellant,

v.

Stewart FORBES, Appellee.

No. 08–03–00510–CV.

Court of Appeals of Texas, El Paso.

May 13, 2004.

Eduardo N. Lerma, El paso, pro se.

Stewart W. Forbes, El Paso, pro se.

Before Panel No. 5 BARAJAS, C.J., McCLURE, and ANDELL, JJ.

## OPINION ON MOTION

RICHARD BARAJAS, Chief Justice.

Eduardo Lerma, *pro se,* appeals from a summary judgment granted in favor of Stewart Forbes. Pending before the Court is Forbes' motion to dismiss for want of jurisdiction and Appellant's motion for extension of time to file notice of appeal. The motion to dismiss is denied but we dismiss the appeal on our own motion and consolidate the record with cause number 08–03–00310–CV. Appellant's motion for extension of time to file the notice of appeal is denied as moot.

## FACTUAL SUMMARY

A portion of the record in the underlying case has been permanently sealed pursuant to Tex.R. Civ. P. 76a. It is necessary to briefly state the procedural context of the motion, but our recitation of the facts will therefore be kept to a minimum. Landmark Organization, L.P. sued Appellant's brother, Roberto Lerma.[1] Appellant, along with other attorneys, represented Roberto in the suit. After the case con-

cluded, Appellant filed a petition in intervention because Roberto refused to pay the attorney's fees he owed him. Appellant hired Stewart Forbes to represent him in the arbitration of the dispute. The visiting judge assigned to hear the attorney's fee dispute severed Appellant's petition in intervention from cause number 2000–2579 and assigned it cause number 2000–2579AF.

Arbitration took place in February 2002 and on March 12, 2002, the arbitrator granted Forbes' motion to withdraw. The arbitrator then entered a written arbitration award on March 29, 2002, and awarded Appellant $60,000 plus attorney's fees and expenses in the amount of $47,795.65. On June 13, 2002, the visiting judge entered judgment in accordance with the arbitration award. With the aid of a writ of garnishment, Appellant collected $55,000 on the judgment, but ironically, he refused to pay Forbes his attorney's fees. Consequently, Forbes filed a petition in intervention on January 31, 2003. Stating a suit on sworn account, breach of contract, equitable assignment, and constructive trust claims, Forbes alleged that his attorney's fees and expenses incurred in connection with the arbitration were $47,795.65 and that the arbitrator had awarded this sum to Appellant for Forbes' attorney's fees and expenses. Appellant had paid Forbes $21,000 but refused to pay the balance owed.

Forbes filed a motion for summary judgment on February 26, 2003. The Honorable Linda Chew, Judge of the 327th District Court, entered an order generally granting summary judgment on June 9, 2003, but she did not rule on several pending motions, including Appellant's motion to strike the petition in intervention and Forbes' objections to Appellant's late-filed

---

1. The suit, styled *Landmark Organization, L.P. v. Roberto Lerma,* cause number 2000–2579, was filed in the 327th District Court of El Paso County.

pleadings and summary judgment response. The June 6 order did contain a Mother Hubbard clause. Relator filed a premature notice of appeal which this Court docketed as cause number 08–03–00310–CV. Forbes filed a motion to sever his claim against Appellant from the main case and enter judgment. Additionally, he requested that the trial court specifically rule on his objections to the late-filed pleadings and summary judgment responses as well as the other pending motions. Appellant also filed a motion asking the trial court to rule on his motion to strike the petition in intervention. On August 13, 2003, the trial court signed orders sustaining Forbes' objections to Appellant's summary judgment responses, severing Forbes' cause of action from cause numbers 2000–2579 and 2000–2579AF, striking Appellant's late-filed pleadings and denying the motion to strike the petition in intervention.[2] On this same date, the trial court entered a final judgment awarding Forbes $26,796.65 as the final amount due plus pre-judgment and post-judgment interest. Appellant timely filed a motion for new trial and later filed notice of appeal on November 24, 2003. We initially filed the second notice of appeal in cause number 08–03–00310–CV as an amended notice of appeal but Appellant complained, insisting that it should be docketed as a separate appeal because it involved a second judgment in the same cause number. Accordingly, we filed it in a separate appeal and assigned it cause number 08–03–00510–CV.

### *UNTIMELY NOTICE OF APPEAL*

Forbes alleges in his motion to dismiss that the appeal should be dismissed because Appellant's notice of appeal filed on November 24, 2003 is untimely. The order granting summary judgment filed by the trial court on June 6, 2003 was not a final judgment because it did not dispose of all the pending motions and issues. However, we have determined in a separate opinion issued in cause number 08–03–00310–CV that Appellant's notice of appeal filed on July 3, 2003 constitutes a premature notice of appeal under Tex.R.App. P. 27.1(a) and we deemed it filed on August 13, 2003, the date of the final judgment and severance order. *See Eduardo Lerma v. Stewart Forbes*, No. 08–03–00310–CV, —— S.W.3d ——, 2004 WL 1078089 (Tex.App.-El Paso, May 13, 2004). The notice of appeal filed by Appellant on November 24, 2003 was unnecessary to perfect appeal so it does not matter that it was untimely. Appellant therefore has the ability to challenge the various rulings of the trial court and the final summary judgment in the context of the appeal in cause number 08–03–00310–CV. Forbes' motion to dismiss for want of jurisdiction is denied. Although we technically have jurisdiction of the instant appeal, there is no reason to have a second appeal of the same judgment and rulings. Therefore, we dismiss cause number 08–03–00510–CV. Appellant is ordered to pay the costs of this appeal. The clerk's record in the instant case shall be filed in cause number 08–03–00310–CV for consideration in the context of that appeal.

ANDELL, J., sitting by assignment.

LARSEN, J., not participating.

CHEW, J., not participating.

---

2. Forbes' cause of action was severed into cause number 2003–3431.