**DISMISS; Opinion Filed September 25, 2012.**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-12-00163-CV

## IN THE INTEREST OF P.E., C.E., C.E., AND S.E., CHILDREN

**On Appeal from the 301st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-10-05399-T**

# MEMORANDUM OPINION

Before Justices Moseley, Fillmore, and Myers
Opinion By Justice Myers

This is an appeal from an order granting appellee partial summary judgment on his petition for attorney's fees. It is the first of two appeals brought by Father and was filed in February 2012.

Because the summary judgment was partial and did not dispose of all the issues in the case, we questioned our jurisdiction over this appeal. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (subject to mostly statutory exceptions, appellate courts have jurisdiction only over final judgments disposing of all pending parties and claims). We directed Father to file a letter brief addressing our concern and, if he relied on any documents not already contained in the clerk's record, to obtain a supplemental record containing those documents.

Father filed a letter brief acknowledging the notice of appeal was premature since no final judgment had been signed at the time the notice of appeal was filed. *See In re Norris*, 371 S.W.3d

546, 552 (Tex. App.—Austin 2012, orig. proceeding) (notice of appeal is premature if filed before judgment is signed). Although he did not obtain a supplemental clerk's record, Father stated a final judgment had been entered in June 2012, and he had separately appealed that judgment. Father urged that we "retain" this appeal on the docket and we consolidate it with the appeal from the June judgment. Appellee, though given an opportunity to respond to Father's letter brief, has not responded.

Pursuant to Texas Rule of Appellate Procedure 27.1, the signing of the final judgment in June rendered the notice of appeal filed in this case effective to invoke our jurisdiction over not just the partial summary judgment but the entire case. *See* TEX. R. APP. P. 27.1; *Lerma v. Forbes*, 144 S.W.3d 18, 20 (Tex. App.—El Paso 2004, no pet.). However, the notice of appeal from the June judgment also invoked our jurisdiction over the entire case. *See Gunnerman v. Basic Capital Mgmnt., Inc.*, 106 S.W.3d 821, 824 (Tex. App.—Dallas 2003, pet. denied).

Because Father has the ability in either appeal to challenge any of the trial court rulings, it appears unnecessary to "retain" and consolidate the two appeals. *See Lerma*, 144 S.W.3d at 20. We have reviewed the record in the appeal from the June judgment, and it contains the same documents contained in the record in this appeal as well as documents filed since the February partial summary judgment. Given the state of the record, we decline to "retain" this appeal and dismiss it.

LANA MYERS
JUSTICE

120163F.P05

-2-



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF P.E., C.E, C.E., AND
S.E., CHILDREN

No. 05-12-00163-CV

Appeal from the 301st Judicial District Court
of Dallas County, Texas. (Tr.Ct.No. DF-10-
5399-T).
Opinion delivered by Justice Myers, Justices
Moseley and Fillmore participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal. We **ORDER** that appellee Dan L. Wyde recover his costs, if any, of this appeal from appellant Felix Echendu.

Judgment entered September 25, 2012.

LANA MYERS
JUSTICE