**Motion Denied; Dismissed and Memorandum Opinion filed February 12, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00983-CV

## G. CHRISTIAN CORCORAN AND PEGGY CORCORAN, Appellants

## V.

## ATASCOCITA COMMUNITY IMPROVEMENT ASSOCIATION, INC., Appellee

**On Appeal from the 125th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-41594A**

## M E M O R A N D U M   O P I N I O N

On October 22, 2012, appellants filed a notice of appeal from a summary judgment in favor of the third-party defendant, Atascocita Community Improvement Association, Inc., signed July 27, 2012 and modified on October 9, 2012. The appeal was assigned to this court and docketed under appellate case number, 14-12-00982-CV. Because other claims remained pending, the summary judgment order being appealed was interlocutory. *See Lehmann v. Har–Con Corp.*,

39 S.W.3d 191, 205 (Tex. 2001). The trial court granted appellee's motion to sever, and the severed case was assigned trial court number 2009-41594A. On October 29, 2012, appellants filed a supplemental notice of appeal in the severed cause number, and the appeal was assigned to this court and docketed under our appellate case number 14-12-00983-CV.

On January 29, 2013, appellants filed an unopposed motion to consolidate the appeals. After review of the records in these appeals, we have determined that consolidation is unnecessary. The interlocutory summary judgment being appealed was made final and appealable by the severance order. *See Espalin v. Children's Med. Ctr. of Dallas*, 27 S.W.3d 675, 680 (Tex. App.—Dallas 2000, no pet.) (trial judge may sign order severing cause of action or issue thereby rendering otherwise interlocutory judgment final). Appellants assert that they filed the first notice of appeal under the main case because the severed case had not yet been opened at the district court.

A prematurely filed notice of appeal is effective to invoke the appellate court's jurisdiction. *See* Tex. R. App. P. 27.1(a). *Ganesan v. Reeves*, 236 S.W.3d 816, 817 (Tex. App.—Waco 2007, pet. denied) (holding that Rule 27.1 makes it clear that a notice of appeal filed before the final appealable judgment is rendered is effective to invoke appellate jurisdiction); *Espalin v. Children's Med. Ctr. of Dallas*, 27 S.W.3d 675, 681 (Tex. App.—Dallas 2000, no pet.) ("[A] document filed in an attempt to appeal an interlocutory order that later becomes final serves to appeal the final judgment."). A second notice of appeal filed after the trial court rendered an appealable judgment is unnecessary to perfect the appeal. *Lerma v. Forbes*, 144 S.W.3d 18, 20 (Tex. App.—El Paso 2004, no pet.) (dismissing the second-filed appeal).

The second notice of appeal was unnecessary to perfect the appeal in this case, and the second appeal is moot. *See Alvarado v. Lexington Ins. Co.*, ___ S.W.3d ___, 2012 WL 5194057, *18 n.5 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (dismissing second appeal from severed order as moot). Therefore, we dismiss the appeal docketed under our appellate case number 14-12-00983-CV. The appeal filed under our number 14-12-00982-CV is effective to appeal the severed case and remains pending before the court. It appears that the same record was filed in both cases, and an order to transfer the record from case number 14-12-00983-CV to the active case is unnecessary. The court will entertain a motion to transfer the record, however, if the parties deem it necessary.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.