ACCEPTED
03-14-00518-CV
6096479
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/16/2015 1:06:32 PM
JEFFREY D. KYLE
CLERK

**Nos. 03-14-00515-CV and 03-14-00518-CV**

_____

## IN THE COURT OF APPEALS
## FOR THE THIRD DISTRICT OF TEXAS
## AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
7/16/2015 1:06:32 PM
JEFFREY D. KYLE
Clerk

_____

## SALVATORE MARGARACI AND ESTATE PROTECTION PLANNING CORPORATION, *Appellants*

## v.

## EDUARDO S. ESPINOSA, IN HIS CAPACITY AS RECEIVER OF RETIREMENT VALUE, LLC, *Appellee*

_____

## And

## JAMES POE AND SENIOR RETIREMENT PLANNERS, LLC, *Appellants*

## v.

## EDUARDO S. ESPINOSA, IN HIS CAPACITY AS RECEIVER OF RETIREMENT VALUE, LLC, *Appellee*

_____

### Appeal from the 200th District Court
### Travis County, Texas
### *Honorable Judge Gisela Triana*

_____

## MOTION TO CONSOLIDATE APPEALS

_____

John W. Thomas
State Bar No.
George Brothers Kincaid & Horton, LLP
114 W. 7th Street, Suite 1100
Austin, Texas 78701-3015
Telephone: (512) 495-1400
Facsimile: (512) 499-0094
jthomas@gbkh.com

**ATTORNEYS FOR APPELLEE
EDUARDO S. ESPINOSA, in his capacity
as Receiver of Retirement Value, LLC**

## APPELLEE'S MOTION TO CONSOLIDATE APPEALS

COMES NOW, Appellee, Eduardo S. Espinosa, in his capacity as receiver of Retirement Value, LLC, and files this Motion to Consolidate Appeals, and in support thereof would show the following:

1.     There are no rules addressing when two or more appeals may be consolidated.  Consolidation at the appellate level is thus at the Court's discretion.

2.     Appeals may be consolidated when they are from the same judgment, successive orders in the same case, or from identical judgments.  *Lerma v. Forbes*, 144 S.W.3d 18, 20 (Tex. App. – El Paso 2004, no pet.) (same judgment and rulings); *Fitzgerald v. Dr. Pepper Co.*, 48 S.W.2d 479, 480 (Tex. Civ. App. – Dallas 1932, no writ) (same judgment); *Montgomery v. City of Alamo Heights*, 8 S.W.2d 258, 262 (Tex. Civ. App. – San Antonio, writ dism'd w.o.j.) (successive orders in same case); *Norwood v. Farmers & Merchants Nat'l Bank of Abilene*, 145 S.W.2d 1100, 1100 (Tex. Civ. App. – Eastland 1940, writ ref'd) (identical judgments).  Appeals also may be consolidated when it would be expedient that the matters in controversy should be adjudicated in one appeal.  *See, Dallas Cowboys Football Club, Inc. v. Harris*, 348 S.W.2d 37, 41 (Tex. Civ. App. – Dallas 1961, no writ).

3.     The above-captioned appeals should be consolidated.  They arise from the same trial court case, and in particular, from the same partial summary

judgment and trial on the remaining issues. The case in the trial court was a piece of complex litigation against many defendants, including Appellants, arising from defendants' participation in a securities fraud scheme. The trial court entered a partial summary judgment against both Appellants in the above-captioned appeals (and some of the other defendants), finding that they had violated the Texas Uniform Fraudulent Transfer Act. *See* Appendix 1 to Poe's Appellants' Brief; Appendix 2 to Margaraci's Appellants' Brief. Separate final judgments were entered against Poe and Margaraci, after the cases were tried together on the issues not resolved by the partial summary judgment order. The difference in the final judgments is in the amount of damages each of the Appellants owes, which represents the commissions each received from the scheme. *See* Appendix 2 to Poe's Appellants' Brief; Appendix 3 to Margaraci's Appellants' Brief.

4. The Margaraci Appellants acknowledge that the Poe appeal is a related case, involving the same issues as in this case. *See* Margaraci's Appellants' Brief, at 7. Specifically, the Margaraci Appellants state:

> Currently pending in the Third Court of Appeals is cause number 03-14-00518 which was originally part of this case in the trial court. The cases were severed after the trial court made the substantive rulings that are challenged in both appeals. The sole issue raised in this case regarding the propriety of not allowing settlement credits is also raised in the related appeal. This Court's ruling in that regard would be dispositive of both appeals if the Court agrees with the appellants' arguments. The related appeal raises two additional fact-bound issues that are not raised in this case.

Margaraci's Appellants' Brief, at 7.

5.      There is no doubt that the cases are related and stem from the same trial court rulings. *Lerma v. Forbes*, 144 S.W.3d 18, 20 (Tex. App. – El Paso 2004, no pet.).  Both cases involve the same facts, with the sole exception being the amount of commissions each Appellant received.  They both raise the same point on appeal, namely whether they are entitled to a settlement credit because of the Receiver's settlement with the James Defendants.[1]  Thus, the legal issues are the same as well. It would certainly be more expedient for the matters in controversy to be adjudicated in a single appeal.  There is no reason for two panels of this court to learn this case, understand the factual and legal issues, have two separate oral arguments, and write two opinions when all of the issues are exactly the same.

THEREFORE, Appellee, Eduardo S. Espinosa, as Receiver of Retirement Value, LLC, asks that the Court consolidate the above-captioned appeals.  Alternatively, Appellee asks that the court order the cases be briefed and heard together.  Appellee further requests all other relief to which he may be entitled.

Respectfully submitted,

---

[1] Poe raised two additional points.

GEORGE BROTHERS KINCAID & HORTON LLP

*/s/ John W. Thomas*
John W. Thomas
State Bar No. 19856425
114 W. 7th Street, Suite 1100
Austin, Texas 78701-3015
Telephone: (512) 495-1400
Facsimile: (512) 499-0094
jthomas@gbkh.com

**ATTORNEYS FOR APPELLEE**
**EDUARDO S. ESPINOSA, in his capacity**
**as Receiver of Retirement Value, LLC**

## CERTIFICATE OF CONFERENCE

Counsel for Appellee conferred with counsel for Appellants on July 15, 2015, and they are opposed to this motion.

*/s/ John W. Thomas*

## CERTIFICATE OF SERVICE

This is to certify that on this the 16th day of July, 2015, the foregoing motion was filed electronically with the Clerk for the Third Court of Appeals. A copy was served by electronic mail upon the following:

Scott Lindsey
Aldrich PLLC
1130 Fort Worth Club Tower
777 Taylor Street
Fort Worth, Texas 76102
slindsey@aldrichpllc.com

Timothy A. Hootman
2402 Pease Street
Houston, Texas 77003
Thootman2000@yahoo.com

*/s/ John W. Thomas*
John W. Thomas
