**Motion to Reconsider March 22, 2018 Order Regarding Want of Jurisdiction Dismissed as Moot; Case No. 14-18-00522-CV Dismissed as Moot; Case No. 14-17-01011-CV Affirmed; and Memorandum Opinion filed August 20, 2019.**



**In The**

# Fourteenth Court of Appeals

**NO. 14-17-01011-CV**
**NO. 14-18-00522-CV**

**GINA  LUSK, Appellant**

**V.**

**IGNACIO OSORIO, ADRIANA OSORIO, AND CHAMPIONS REAL ESTATE GROUP, LLC, Appellees**

**On Appeal from the 133rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2015-53814-A[1]**

## MEMORANDUM  OPINION

Appellant Gina Lusk sued a potential homebuyer, a real estate agent, and the agent's brokers after the buyer failed to purchase Lusk's home. The brokers (appellees) counterclaimed for contractual attorney's fees and costs. The trial court

---

[1] As we explain below, the original Cause No. 2015-53814 and has not been appealed.

granted the appellees' motion for summary judgment on all of Lusk's claims, severed the claims among Lusk and the appellees from the claims among Lusk and the other defendants, and then held a bench trial on attorney's fees and costs, awarding them to the appellees. In five issues on appeal, Lusk challenges the trial court's summary judgment, severance, and award of attorney's fees and costs.

We dismiss as moot the appeal in Case No. 14-18-00522-CV, dismiss as moot Lusk's "Motion to Reconsider March 22, 2018 Order Regarding Want of Jurisdiction," and affirm the trial court's judgment in Case No. 14-17-01011-CV.

## I. APPELLATE JURISDICTION

Appellees contend that this court lacks jurisdiction over Lusk's appeals in each cause number. In particular, appellees contend that there is no final judgment in appellate Case No. 14-17-01011-CV and that Lusk's notice of appeal in Case No. 14-18-00522-CV is untimely.

## A. Legal Principles

Generally, an appeal may only be taken from a final judgment that disposes of all pending claims and parties. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also* Tex. Civ. Prac. & Rem. Code § 51.012. But the right to appeal should not be lost by an overly technical application of the law. *Lehmann*, 39 S.W.3d at 205. A court of appeals has jurisdiction over an appeal if the appellant timely files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction. *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005). Accordingly, filing a notice of appeal with an incorrect cause number does not defeat the jurisdiction of the court of appeals. *City of San Antonio v. Rodriguez*, 828 S.W.2d 417, 418 (Tex. 1992). Furthermore, a prematurely filed notice of appeal is deemed

2

filed on the day of, but after, the event that begins the period for perfecting the appeal. Tex. R. App. P. 27.1(a).

## B.    Background

Lusk sued the defendants in district court Cause No. 2015-53814. The appellees answered and filed a counterclaim for contractual attorney's fees. The appellees moved for a summary judgment on Lusk's claims and on the appellees' counterclaim for attorney's fees and costs. On September 12, 2017, the trial court granted the appellees' motion, stating in the order that the judgment resolved all claims between Lusk and the appellees and that the case would "proceed accordingly with respect to any remaining claims between [Lusk] and any remaining parties." The trial court did not specifically dispose of the appellees' counterclaim for attorney's fees and costs, so the appellees filed an "unopposed motion to modify, correct, or reform" the summary judgment. On October 31, the trial court granted the appellees' motion to modify the summary judgment and clarified that the summary judgment did not resolve the appellees' counterclaims against Lusk, "which shall proceed accordingly."

Lusk filed a motion for reconsideration of the partial summary judgment, and the trial court denied it on November 14. The appellees filed a motion to sever, and the trial court signed a severance order on November 28, stating that "any and all causes of action between [Lusk] and [the appellees] are hereby severed into a new cause bearing Cause No. 2015-53814-A." The trial court included the following paragraph:

> The Court notes the Summary Judgment granted September 12, 2017, and modified by the Court's October 31, 2017 Order, in favor of [the appellees] disposes of all claims against them in this severed case. The [appellees'] counterclaims against Plaintiff Gina Lusk

3

remain unresolved and shall proceed accordingly in the severed cause. All relief not herein granted is denied.

On December 28, Lusk filed a notice of appeal in the original district court Cause No. 2015-53814. In the notice, Lusk stated her intent to appeal from the summary judgment signed on September 12 and the denial of the motion for reconsideration signed on November 14. This court assigned the appellate Case No. 14-17-01011-CV to the appeal.

On March 22, 2018, this court issued an order noting that there were remaining claims and parties in the litigation after the trial court's summary judgment order. This court noted that an incorrect cause number would not defeat appellate jurisdiction if the instrument was a bona fide attempt to invoke this court's jurisdiction. This court informed Lusk that she could file an amended notice of appeal to remedy the defect. Lusk filed in this court a motion to reconsider the March 22 order. Lusk argued that the severance order made the summary judgment final because the order "disposed of all claims." This court took Lusk's motion with the case.

Meanwhile, in the severed district court Cause No. 2015-53814-A, the appellees filed a motion for attorney's fees and costs. On February 20, 2018, the trial court signed a final judgment awarding attorney's fees and costs to the appellees. Thirty-one days later, on March 23, Lusk filed a combined motion for new trial and motion to modify the trial court's judgment. On June 21, Lusk filed a notice of appeal. In the notice, she stated her intent to appeal from the February 20 judgment and her intent to appeal from the summary judgment signed on September 12 and the denial of the motion for reconsideration signed on November 14. This court assigned appellate Case No. 14-18-00522-CV to the appeal and consolidated both appeals.

4

In September 2018, the appellees moved to dismiss both appeals for lack of appellate jurisdiction. This court denied the motion, but appellees raise similar jurisdictional arguments in their briefs.

**C.    Analysis**

In the notice of appeal that Lusk filed in the original cause—district court Cause No. 2015-53814 and appellate Case No. 14-17-01011-CV—Lusk stated her intent to appeal from the trial court's order that had been severed into the district court Cause No. 2015-53814-A. Although the notice of appeal included the incorrect cause number of the original district court cause, her notice of appeal was a "bona fide attempt" to appeal the trial court's order that had been severed into the district court Cause No. 2015-53814-A. *See Rodriguez*, 828 S.W.2d at 418.

However, the trial court did not sign a final judgment in the severed cause until the court finally disposed of all pending claims among Lusk and the appellees in the February 20, 2018 judgment awarding the appellees attorney's fees and costs. Lusk's prematurely filed notice of appeal is deemed filed on the day of but after the trial court's February 20 final judgment. *See* Tex. R. App. P. 27.1(a).

Accordingly, we hold that Lusk adequately invoked this court's jurisdiction in the severed cause number—district court Cause No. 2015-53814-A—by filing the premature notice of appeal bearing an incorrect cause number. *See Espalin v. Children's Med. Ctr. of Dallas*, 27 S.W.3d 675, 681–82 (Tex. App.—Dallas 2000, no pet.) (holding that a notice of appeal filed prematurely and bearing the incorrect "parent" cause number was a bona fide attempt to appeal a partial summary judgment that was later severed with a different cause number). Her second notice of appeal filed in the severed cause was unnecessary to perfect the appeal. *See Corcoran v. Atascocita Cmty. Improvement Ass'n*, No. 14-12-00983-CV, 2013 WL 504051, at *1 (Tex. App.—Houston [14th Dist.] Feb. 12, 2013, no pet.) (mem. op.)

5

(per curiam); *Alvarado v. Lexington Ins.*, 389 S.W.3d 544, 549 n.5 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *Lerma v. Forbes*, 144 S.W.3d 18, 20 (Tex. App.—El Paso 2004, no pet.).

We dismiss as moot the appeal generated by Lusk's unnecessary notice of appeal, Case No. 14-18-00522-CV. *See Corcoran*, 2013 WL 504051, at \*1. Because the appeals were consolidated, however, we will consider the briefing and records filed in both appellate case numbers to resolve the appeal in Case No. 14-17-01011-CV. Accordingly, Lusk's motion for reconsideration of this court's March 22, 2018 order is dismissed as moot.

## II. SUMMARY JUDGMENT

In Lusk's first and second issues, she challenges the trial court's rendition of a partial summary judgment (1) on her claims based on vicarious liability for the acts of the real estate agent and (2) on her claim of fraudulent inducement, which Lusk added in an amended petition after the appellees' filed their motion for summary judgment.

### A. Summary Judgment on Vicarious Liability

Throughout this suit, Lusk has sought to hold appellees vicariously liable for the acts of the real estate agent. One of the grounds in the appellees' motion for summary judgment was that the appellees could not be liable for torts committed by the real estate agent because she was an independent contractor. In her first issue on appeal, Lusk challenges the trial court's granting of summary judgment solely on that ground.

However, as Lusk acknowledges in her briefing before this court, the appellees also moved for summary judgment on Lusk's claims because (1) the buyer's breach of contract was the "sole cause in fact" of Lusk's damages, and (2)

6

the economic loss doctrine barred Lusk's claims.  In her briefing before this court, Lusk does not challenge these alternative grounds for summary judgment.

When, as here, the trial court grants a summary judgment motion without specifying the grounds in the motion upon which the trial court relies, we must affirm the judgment if any ground in the motion is meritorious. *See, e.g.*, *FinServ Cas. Corp. v. Transamerica Life Ins.*, 523 S.W.3d 129, 139 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). An appellant must challenge all possible grounds upon which the summary judgment could have been granted, whether properly or improperly. *Id.* A failure to do so can be fatal to the appellate challenge. *Fairfield Indus. v. EP Energy E&P Co.*, 531 S.W.3d 234, 251 (Tex. App.—Houston [14th Dist.] 2017, pet. denied); *see also Heritage Gulf Coast Props. v. Sandalwood Apartments*, 416 S.W.3d 642, 653 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("If the appellant fails to challenge all grounds on which the judgment may have been granted, the appellate court must uphold the summary judgment.").

Here, the trial court could have rendered the summary judgment, properly or improperly, based on the appellees' independent grounds of (1) lack of causation or (2) economic loss doctrine. Because Lusk does not challenge these independent grounds for summary judgment on appeal, her first issue is overruled. *See, e.g.*, *Fairfield Indus.*, 531 S.W.3d at 251; *FinServ Cas. Corp.*, 523 S.W.3d at 139; *Heritage Gulf Coast Props.*, 416 S.W.3d at 653–54.

## B.   Summary Judgment on Fraudulent Inducement

After the appellees' moved for summary judgment, Lusk filed her third amended petition and added a claim for fraudulent inducement against the buyer and real estate agent, while maintaining her "claim" for "agency" against "all Defendants." In her second issue, Lusk contends that the trial court erred by rendering a summary judgment on the fraudulent inducement claim because the

appellees did not address the claim in their summary judgment motion. *See, e.g.*, *Bridgestone Lakes Cmty. Improvement Ass'n v. Bridgestone Lakes Dev. Co.*, 489 S.W.3d 118, 123 (Tex. App.—Houston [14th Dist.] 2016, pet. denied).

However, there are exceptions to this rule. When a summary judgment movant fails to amend the motion after the nonmovant has amended the petition and added a new claim, the summary judgment can still be affirmed if "the amended petition essentially reiterates previously pleaded causes of action." *Id.* To determine whether an amended petition essentially reiterates previously pleaded claims, an appellate court looks to whether the new claim is based on facts and theories alleged in the original petition. *See id.*

The exception applies in this case because Lusk's new claim of fraudulent inducement merely reiterated previously pleaded claims of common law fraud and statutory fraud. We quote from Lusk's second and third amended petitions:

| **Second Amended Petition** | **Third Amended Petition** |
|---|---|
| *Claim 4: Common Law Fraud* | *Claim 5: Fraudulent Inducement* |
| . . . | . . . |
| 34. Pleading further and in the alternative to Plaintiffs other causes—At the time they made the foregoing representations and omissions, [the buyer] and [the agent] knew that they were false or made the representations without knowledge of the truth thereof. Specifically, [the agent] knew neither [the buyer] lacked the financial capacity to purchase the house, was not a successful business executive, and was not a family member. | 61. Pleading further and in the alternative to Plaintiffs other causes—At the time they made the foregoing representations and omissions, [the buyer] and [the agent] knew that they were false or made the representations without knowledge of the truth thereof. Specifically, [the agent] knew neither [the buyer] lacked the financial capacity to purchase the house, was not a successful business executive, and was not a family member. |
| | 62. [The buyer] and [the agent] made these knowingly and willfully made these representations to induce Gina Lusk |

35. Plaintiff justifiably relied upon the facts as represented by Defendants. In fact, Plaintiff was not in a position to know of the falsity of the misrepresentations and omissions.

36. The misrepresentations made by Defendants were material insofar as Plaintiff entered into and complied with all terms of the Agreement based on [the buyer]'s and [the agent]'s representations.

37. In making the misrepresentations and omitting the pertinent facts, [the buyer] and [the agent] acted so as to deceive and defraud Plaintiff. Accordingly, their conduct was such as to rise to the level of common law fraud.

38. Plaintiff was damaged as a direct and proximate result of Defendants' fraudulent conduct.

39. Defendant [the agent] was acting in both her individual capacity and as an agent of the [appellees].

40. Exemplary damages. Plaintiffs injuries resulted from Defendants' actual fraud or malice, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

to enter into the purchase agreement with [the buyer].

63. Plaintiff justifiably relied upon the facts as represented by Defendants. In fact, Plaintiff was not in a position to know of the falsity of the misrepresentations and omissions.

64. The misrepresentations made by Defendants were material insofar as Plaintiff entered into the Agreement based on [the buyer]'s and [the agent]'s representations.

65. In making the misrepresentations and omitting the pertinent facts, [the buyer] and [the agent] acted so as to deceive and defraud Plaintiff. Accordingly, their conduct was such as to rise to the level of common law fraud.

66. Plaintiff was damaged as a direct and proximate result of Defendants' fraudulent conduct.

67. Defendant [the agent] was acting in both her individual capacity and as an agent of [the appellees].

68. Exemplary damages. Plaintiffs injuries resulted from Defendants' actual fraud or malice, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

But for the addition of a single paragraph—number sixty-two—in the third amended petition, the allegations are identical. The factual bases for the claims are identical, i.e., the same alleged misrepresentations in paragraph thirty-four of the second amended petition and paragraph sixty-one of the third amended petition.

Furthermore, in the second amended petition, Lusk alleged a claim for statutory fraud based on a Section 27.01 of the Business and Commerce Code. *See* Tex. Bus. & Com. Code § 27.01. According to the petition, and consistent with the

statutory language, the claim was based on a theory of fraudulent inducement: "Defendants [the buyer] and [the agent] made the false representations and promises for the purpose of inducing Plaintiff to enter into a contract." *See id.* § 27.01(a). When a plaintiff seeks exemplary damages under the statute, as Lusk sought in her second amended petition, the elements of statutory fraud are identical to common law fraudulent inducement. *See Brush v. Reata Oil & Gas Corp.*, 984 S.W.2d 720, 726 & n.4 (Tex. App.—Waco 1998, pet. denied) (reasoning that the "elements of statutory fraud under section 27.01 are essentially identical to the elements of common law fraud except that the statute does not require proof of knowledge or recklessness as a prerequisite to the recovery of actual damages"; however, when a plaintiff proves knowledge, the plaintiff can recover exemplary damages); *see also McPherson Road Baptist Church v. Mission Inv'rs/Fort Worth, LP*, No. 2-08-412-CV, 2009 WL 2579647, at *7 (Tex. App.—Fort Worth Aug. 20, 2009, no pet.) (mem. op.) (per curiam) ("Section 27.01 of the business and commerce code provides a statutory cause of action for fraudulent inducement in real estate transactions.").

In sum, Lusk's claim for fraudulent inducement was based on the same facts and theories as her claims for fraud in the second amended petition. Thus, the third amended petition essentially reiterated previously pleaded claims. Under these circumstances, the summary judgment can be affirmed.

Lusk's second issue is overruled.

### III. SEVERANCE

In her third issue, Lusk contends that the trial court erred by granting the appellees' motion to sever (discussed above in Part I.B of this opinion) because (1) the trial court erred by rendering the summary judgment and (2) "the claims are so interwoven with the remaining action that they involve the same facts and issues."

10

First, Lusk has not shown that the trial court erred by rendering a summary judgment, so this contention lacks merit. Furthermore, the record shows that Lusk filed a response to the motion to sever to "clarify her non-opposition" to the motion. She wrote that she intended to file a motion to reconsider the trial court's summary judgment, and, "Subject to this motion and provided that the [summary judgment] order is upheld and not overturned, Plaintiff is not opposed to [the appellees'] Motion to Sever and Motion to Modify the Judgment." To the extent that Lusk's complaint on appeal could be understood as a challenge to the severance order irrespective of the trial court's ruling on the motion for summary judgment, Lusk did not preserve this alleged error in the trial court as required. *See Gammill v. Fettner*, 297 S.W.3d 792, 803 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (party failed to preserve error for appellate complaint that trial court erred by granting severance because the severed part was so interwoven with the remaining action as to involve the same facts and issues); *see also* Tex. R. App. P. 33.1(a).

Lusk's third issue is overruled.

## IV. ATTORNEY'S FEES AND COSTS

In her fourth issue, Lusk contends that the trial court erred by awarding attorney's fees and costs to the appellees' because the trial court erred in granting the appellees' motion for summary judgment. Lusk contends that the appellees did not "prevail" under the terms of the contract.[2] Because Lusk has not shown that the trial court erred by rendering the partial summary judgment, her fourth issue is overruled.

---

[2] The contract contains the following provision regarding attorney's fees: "A Buyer, Seller, Listing Broker, Other Broker, or escrow agent who prevails in any legal proceeding related to this contract is entitled to recover reasonable attorney's fees and all costs of such proceeding."

In her fifth issue, Lusk contends: "The Trial Court erred as it misapplied the term 'prevailed' as the term is applied in Texas Supreme Court Case *Epps v. Fowler* and erred in applying the *Epps* factors in determining on what claims, if any, Appellees 'prevailed.'"[3] Specifically, Lusk notes that the appellees argued in their motion for attorney's fees that Lusk had asserted seven claims against the appellees, but Lusk's third amended petition included only two claims against the appellees: negligent hiring and agency.

As is clear from Lusk's argument in her second issue on appeal, however, Lusk sought to hold the appellees liable under an agency theory for various other torts committed by the real estate agent, including fraudulent inducement. Thus, the appellees "prevailed" on those claims when the trial court rendered the summary judgment on Lusk's claims.

In *Epps v. Fowler*, the Supreme Court of Texas addressed whether a defendant can be a "prevailing party" for purposes of awarding contractual attorney's fees when the plaintiff has nonsuited claims against that defendant. *See* 351 S.W.3d 862, 864 (Tex. 2011). The court held that "a defendant may be a prevailing party when a plaintiff nonsuits without prejudice if the trial court determines, on the defendant's motion, that the nonsuit was taken to avoid an unfavorable ruling on the merits." *Id.* at 870. The supreme court suggested that courts should make this determination by relying as much as possible on the existing record and affidavits, and courts should resort to live testimony only in rare instances. *See id.* at 870. The court provided an example of when a court might find that a nonsuited defendant was a prevailing party because the plaintiff sought to avoid an unfavorable judgment: "if a plaintiff nonsuits only after a motion for summary judgment is filed, it may suggest that the plaintiff elected to

---

[3] *See Epps v. Fowler*, 351 S.W.3d 862 (Tex. 2011).

12

do so in order to escape summary judgment." *Id.* at 871. We review for an abuse of discretion the trial court's factual determination of whether a plaintiff nonsuited to avoid an unfavorable ruling. *N. Star Water Logic, LLC v. Ecolotron, Inc.*, 486 S.W.3d 102, 105 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

In the roughly one-page argument in her brief, Lusk does not contend that the trial court erred by awarding attorney's fees to the individual appellees (Ignacio and Adriana Osorio) in particular, nor does Lusk refer to the fact that she nonsuited her claims against the individual appellees after the appellees filed their motion for summary judgment. This issue and the case of *Epps v. Fowler*, however, were discussed in the trial court briefing and at a hearing. Specifically, the parties discussed at the hearing the standard of proving that Lusk nonsuited her claims to avoid an unfavorable judgment.

When a trial court does not file findings of fact and conclusions of law to support its ruling, as here, we infer all findings necessary to support the judgment. *See Burton v. Prince*, No. 14-17-00181-CV, 2019 WL 1064868, at *2 (Tex. App.—Houston [14th Dist.] Mar. 7, 2019, no pet. h.). Likewise, we infer the necessary finding in favor of the trial court's judgment that Lusk nonsuited her claims to avoid an unfavorable summary judgment. *See BBP Sub I LP v. Di Tucci*, No. 05-12-01523-CV, 2014 WL 3743669, at *4 (Tex. App.—Dallas July 29, 2014, no pet.) (mem. op.) (reviewing an implied finding that the plaintiff dismissed a claim to avoid an unfavorable judgment after the trial court had granted a partial summary judgment and then held a bench trial on attorney's fees). Considering that Lusk nonsuited after the appellees filed a motion for summary judgment, we hold that the trial court acted within its discretion at the bench trial by finding that Lusk nonsuited her claims against the individual appellees to avoid an unfavorable summary judgment. *See Epps*, 351 S.W.3d at 871.

Lusk's fifth issue is overruled.

### V. CONCLUSION

The appeal in appellate Case No. 14-18-0522-CV is dismissed as moot, as is Lusk's Motion to Reconsider March 22, 2018 Order Regarding Want of Jurisdiction. The trial court's judgment in district court Cause No. 2015-53814-A and appellate Case No. 14-17-01011-CV is affirmed.


/s/    Ken Wise
Justice


Panel consists of Justices Wise, Zimmerer, and Spain.

14